I agree that Boatwright is entitled to a hearing on his allegations, but I am troubled by the virtual flood of post-conviction claims made by prisoners in both state and federal proceedings that their constitutional rights were violated because of "ineffective assistance of counsel." The claim of "ineffective assistance of counsel" has become a sort of "canned" claim which appears in practically every post-conviction claim I have seen lately.
An Advisory Committee on Proposed Rules of Criminal Procedure is currently working on a rule of procedure which, if adopted by this Court, would address this problem which is one of the most troublesome problems faced by federal habeas corpus review of state court convictions.
While I obviously do not wish, in this particular opinion, to state specifically what I would consider to be a better way to handle this nettlesome problem of post-conviction relief, it would appear to me that an accused probably should be required to raise, at the trial stage, on motion for new trial, any facts known to him upon which he could base a claim of "ineffective assistance of counsel." If an accused were required to state at the trial level any facts within his knowledge which would justify a new trial because his counsel was ineffective, I believe it would materially aid all concerned in the speedy, inexpensive, and just determination of the claim. *Page 1260 
The argument might be made that a defendant would not know at that time whether his lawyer had represented him well or not. In most cases, he would know as much then as he would later about the salient facts upon which the ultimate decision must rest in any event; therefore, I believe his failure to raise an "ineffective assistance" claim on appeal would constitute a waiver of the claim as to all facts known to him at that time. Furthermore, the trial judge, if called upon immediately after the trial to determine any factual question about counsel's effectiveness, would be in a much better position to remember all the salient facts (such as trial strategy, counsel's vigor, etc.) than he would be in months later on a post-conviction claim when memories had dimmed.
It is my hope that this Court might address this question of post-conviction relief by adopting a Temporary Rule of Criminal Procedure which would guarantee that any claims based on the denial of a defendant's constitutional right to counsel were presented, but which would help eliminate what appear to be, in many instances, purely frivolous claims.
TORBERT, C.J., concurs.